IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNG YI a/k/a DAVID YI,  §<br>    Plaintiff,              §<br>                              §<br>v.                           §      Civil Action No. 3:13-CV-0220-P-BK<br>                              §<br>HUFFINES HYUNDAI PLANO, INC., §<br>    Defendant.            § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's Order of Referral, Doc. 43, this cause is before the Court for a ruling on Defendant's *Motion to Compel Plaintiffs to Comply with Discovery Order, and for Sanctions*, Doc. 36. On March 25, 2014, this Court ordered Plaintiff David Yi to answer Interrogatories Nos. 1 and 4–18, and produce all documents requested in Requests for Production Nos. 1–20, 22–26, and 28–40. Doc. 31. Defendant avers that Yi has yet to comply with the Court's order, and has, therefore, moved for sanctions, including the dismissal of this action. Doc. 36 at 2. In light of Yi's consistent failure to respond and adequately prosecute his claims, it is recommended that Defendant's motion for sanctions be **GRANTED IN PART** and Yi's claims be **DISMISSED** with prejudice.

Rule 37 provides where a party fails to obey an order to provide or permit discovery, a court may issue further orders, including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir.1994). Although harsh, dismissal with prejudice for violating a discovery order is justified when (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order is attributable to the

party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent effect. *Id.* at 1380–81.

Yi's failure to comply with the Court's lawful discovery order demonstrates both willfulness and bad faith, especially in light of his clear record of delay or contumacious conduct in this case. As illustration, he failed to timely respond to Defendant's *Opposed Motion to Overrule Plaintiffs' Objections and Compel Responses to Defendant's Written Discovery*, Doc. 10, despite being granted several extensions to do so and ultimately being ordered to respond if he opposed the relief sought, Doc. 16; Doc. 18; Doc. 19; Doc. 29, precipitating the order compelling discovery and, subsequently, the motion *sub judice*. He also ignored or chose not to respond to two other motions adverse to his interests — Defendant's *Motion to Compel Plaintiffs' Depositions and for Sanctions*, Doc. 36, and Defendant's *Motion for Summary Judgment*, Doc. 38.[1] Finally, he has failed to respond to the motion *sub judice*, despite that fact that the sanctions sought include dismissal of his case. Doc. 46.

Moreover, the violation of the discovery order is attributable to him alone since he is *pro se*. Defendant has been substantially prejudiced by Yi's failure to comply with the Court's discovery order due to the increased litigation costs incurred to prosecute the motions to compel and for sanctions, and the denial of discoverable materials necessary to the preparation of its defense. Finally, Yi's apparent disregard of matters which could result in his claims being dismissed or decided against him, namely, the instant motion and the pending motion for summary judgment, indicate that the imposition of any lesser sanction would be futile.

---

[1] By order issued June 11, 2014, Judge Solis warned Yi that the motion for summary judgment would be determined without his response if one was not filed within 10 days. Doc. 50. Nevertheless, he has failed to respond.

Based on the foregoing, it is recommended that Defendant's *Motion to Compel Plaintiffs to Comply with Discovery Order, and for Sanctions*, Doc. 36, be **GRANTED IN PART,** that Yi's claims against Defendant be **DISMISSED WITH PREJUDICE**, and this case be **CLOSED**.[2]

**SIGNED** July 1, 2014.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] On May 12, 2014, Plaintiff Daniel Pool's claims were dismissed by the Court on the joint motion of Pool and Defendant. Doc. 44; Doc. 45.